IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RONALD GOODWINE, Jr., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 09-1592 |
| | ) | |
| v. | ) | |
| | ) | Magistrate Judge Bissoon |
| Mr. STEPHEN KELLER, P.B.P.P. Hearing Examiner; BENJAMIN A. MARTINEZ, P.B.P.P. Board Member; CHARLES FOX, P.B.P.P. Board Member; JEFFREY R. IMBODEN, P.B.P.P. Board Member; VICTORIA MADDEN, P.B.P.P. Chief Counsel; ARTHUR R. THOMAS, P.B.P.P. Asst. Counsel; JUSTIN SCHAUP, Records Supervisor, SCI-Pittsburgh; CAROL SCIRE, Grievance Coordinator, SCI-Pittsburgh; DAWN CHAMBERLANIN, Warden, SCI-Pittsburgh; CYNTHIA DAUB; and THOMAS CASSIDY, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | Re: ECF No. [31] |

**MEMORANDUM OPINION AND ORDER**

Ronald Goodwine, Jr., ("Plaintiff") was, at the time of initiating this suit, incarcerated at the Allegheny County Jail. Plaintiff filed a civil rights action, ultimately naming 11 people as Defendants, all of whom are employed by the Pennsylvania Board of Probation and Parole or the Pennsylvania Department of Corrections ("DOC"). Plaintiff alleged that the Defendants caused him to serve 328 days beyond the maximum date of his judicially imposed sentence. The Defendants have filed a motion to dismiss.

**A. Relevant Procedural and Factual History**

Proceeding *pro se* and *in forma pauperis* ("IFP"), Plaintiff, filed a civil rights complaint,

ECF No. [3]. Thereafter, he filed an amended complaint, which is the operative complaint, wherein he alleged the same basic facts, but added two Defendants, Cynthia Daub and Thomas Cassidy. ECF No. [29]. The entire factual allegations in the operative complaint against each Defendant, concerning their alleged wrongdoing are identical and take the following form:

> [Name of individual Defendant] acting without jurisdiction, in concert with other Defendants under color of state law, unlawfully deprived Ronald Goodwine, Jr., of liberty by deliberately causing and/or subjecting him to be detained 335 days beyond his judicially imposed maximum sentence without penological justification.

See ECF No. [29] at 8 to 11, ¶ IV.C.1 to 11. The only remedy Plaintiff seeks is money damages. Id. at 2, ¶ VI. All of the Defendants, represented by the same counsel, filed a motion to dismiss, ECF No. [31], and a brief in support. ECF No. [32]. Plaintiff was directed to file a response, ECF No. [33], and he complied. ECF No. [36]. The motion to dismiss is now ripe. All parties have consented to have the Magistrate Judge exercise plenary jurisdiction. ECF Nos. [34] & [37].[1]

### B. Applicable Legal Principles

As the United States Supreme Court held in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), a complaint may properly be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Id. at 570 (rejecting the traditional 12(b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The Supreme Court further refined its standard for summary dismissal of a complaint that fails to state a claim in Ashcroft v. Iqbal, 556 U.S. __, 129 S.Ct. 1937 (May 18, 2009).

---

[1] Plaintiff is no longer incarcerated. ECF No. [40] (notice of change of address, apparently listing a private residence).

Expanding on its decision in Twombly, the Supreme Court identified two working principles underlying the failure to state a claim standard:

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice . . . . Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-- but it has not "show[n]"--"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

Iqbal, 129 S.Ct. at 1949-50. To meet the notice pleading requirements of Fed.R.Civ. P. No. 8(a)(2), "the complaint must describe the claim in sufficient detail to give the defendant 'fair notice of what the . . . claim is and the grounds upon which it rests.'" Twombly, 550 U.S. at 555 (*quoting* Conley v. Gibson, 355 U.S. 41, 47 (1957)). See also 5C Wright & Miller, Federal Practice and Procedure § 1363 at 112 (3d ed. 2004) ("A motion to dismiss for failure to state a claim for relief under Rule 12(b)(6) goes to the sufficiency of the pleading under Rule 8(a)(2).") (citations omitted).

Under the foregoing standard, the court must, as a general rule, accept as true all factual allegations of the complaint and all reasonable inferences must be viewed in the light most favorable to the plaintiff. Angelastro v. Prudential-Bache Securities, Inc., 764 F.2d 939, 944 (3d Cir. 1985). Nevertheless, under the 12(b)(6) standard, a "court need not . . . accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001), *amended by,* 275 F.3d 1187 (9th Cir. 2001). Nor must a court accept inferences drawn by the plaintiff if they are unsupported by the

facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) (citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997)). Nevertheless, because Plaintiff is proceeding *pro se*, we accord an even more liberal reading of the complaint, employing less stringent standards than when considering a complaint drafted by an attorney. Haines v. Kerner, 404 U.S. 519 (1972).

In addition, because Plaintiff is a prisoner proceeding IFP, who seeks redress from a governmental entity or an employee of a governmental entity, the screening provisions of 28 U.S.C. §§ 1915(e) and 1915A apply. Pursuant to these screening provisions, a court should *sua sponte* dismiss complaints that are frivolous, malicious or that fail to state a claim upon which relief can be granted. Moreover, if there is a ground for dismissal, which was not relied upon by a defendant in a motion to dismiss, or, if a defendant did not even file such a motion to dismiss, a court may nonetheless *sua sponte* rest its dismissal upon such ground pursuant to the screening provisions of the PLRA. See Lopez v. Smith, 203 F.3d 1122, 1126 n.6 (9th Cir. 2000); Dare v. U.S., CIV.A.06-115E, 2007 WL 1811198, at *4 (W.D.Pa. June 21, 2007), *aff'd*, 264 F.App'x 183 (3d Cir. 2008).

**C. Discussion**

Defendants point out that Plaintiff's allegations are insufficient under the pleading standards of Twombly and Iqbal. The Court agrees.

Plaintiff's allegation that all the Defendants acted "without jurisdiction" is a legal conclusion that this Court need not credit. The remaining factual allegations are that all of the Defendants, acting in concert, deprived Plaintiff of liberty by keeping him beyond his maximum sentence. We find that these factual allegations are insufficient to meet the pleading standards of Twombly and Iqbal and amount to no "more than an unadorned, the-defendant-unlawfully-

harmed-me accusation[,]" which is insufficient. Iqbal, 129 S.Ct. at 1949. These allegations fail to give the Defendants fair notice of which of their alleged acts constituted wrongdoing or what role they played, if any, in extending Plaintiff's judicially imposed sentence beyond its maximum. The operative complaint simply fails to contain "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" Twombly, 550 U.S. 555-56. While the complaint is clear as to what the claim is, i.e., Plaintiff was wrongfully kept beyond his statutory maximum, it fails to sufficiently allege the "grounds upon which" the claim rests, i.e., the acts or failures to act that constituted the Defendants' alleged wrongdoing or role. Cf. Denil v. deBoer, Inc., __ F.Supp.2d __, 2010 WL 3766527, at *7 (W.D.Wis., Sept. 22, 2010) ("The statement in plaintiffs' amended complaint that defendants 'fail[ed] to use their best efforts to cause fulfillment of the conditions precedent to the Plaintiffs' obligations' is akin to saying that 'defendants breached the contract by failing to fulfill their obligations pursuant to it.' Such a statement is vague, conclusory, capable of encompassing any number of actions or nonactions of defendants and does not 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests'") (some internal quotations omitted). This claim will be dismissed, but without prejudice to granting Plaintiff leave to file an amended complaint because amendment does not appear to be futile.

Defendants also point out that Plaintiff named Defendants in both their individual and official capacities and that, in their official capacities, the Defendants enjoy Eleventh Amendment immunity from damage suits such as this one. Plaintiff appears to concede this point. Plaintiff's Response, ECF No. [36] at 5 ("Plaintiff accedes that his complaint does not seek injunctive relief and state officials named in their official capacities generally enjoy immunity from suit under the Eleventh Amendment when sued for damages."). Because the

5

Defendants are entitled to Eleventh Amendment immunity in their official capacities, Plaintiff's claims against all of the Defendants in their official capacities will be dismissed with prejudice. See, e.g., Walker v. Beard, 244 F.App'x 439 (3d Cir. 2007) (Department of Corrections employees, sued in their official capacities, enjoy Eleventh Amendment immunity); Wood v. Pennsylvania Board of Probation and Parole, No. 08-76J, 2009 WL 1913301, at *3 (W.D.Pa. 2009) ("The Pennsylvania Board of Probation and Parole and its employees in their official capacities are an arm of the Commonwealth entitled to Eleventh Amendment immunity.") (quoting Dill v. Oslick, No. Civ. A. 97-6753, 1999 WL 508675, at *3 (E.D.Pa. July 19, 1999)). . Accordingly, the following order is entered.

**AND NOW** this 22nd day of March 2011, it is **ORDERED** that the Defendants' Motion to Dismiss, ECF No. [31], is **GRANTED** and Plaintiff's complaint is dismissed with prejudice insofar as he sues the Defendants in their official capacities, but is dismissed without prejudice in all other respects. Because amendment may not be futile, it is further **ORDERED** that Plaintiff shall be granted until April 14, 2011, by which to file an amended complaint in order to plead facts necessary to state a claim against the Defendants, specifying more clearly what each Defendant allegedly did or failed to do in illegally extending Plaintiff's sentence. Failure to file an amended complaint by April 14, 2011, will result in the complaint being dismissed with prejudice.

s/Cathy Bissoon  
Cathy Bissoon  
United States Magistrate Judge

cc:
    RONALD GOODWINE, JR.  
    530 Middle Avenue  
    Wilmerding, PA 15148